JUAN C. BASOMBRIO (#150703)
JOHN S. BAKER (#144073)
Dorsey & Whitney LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone: (714) 800-1400
Facsimile: (714) 800-1499
basombrio.juan@dorsey.com
baker.john@dorsey.com

Attorneys for Defendants Republic of Mozambique;
Ministry of Education of the Republic of Mozambique;
Joaquim Chissano Foundation a/k/a Fundacao
Joaquim Chissano; Joaquim Chissano and
Celio Mondlane

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUMOZ, LLC,<br><br>        **Plaintiff,**<br><br>v.<br><br>REPUBLIC OF MOZAMBIQUE; MINISTRY OF EDUCATION OF THE REPUBLIC OF MOZAMBIQUE; CELIO MONDLANE, an individual; ZEFERINO MARTINS, an individual; JOAQUIM CHISSANO FOUNDATION a/k/a FUNDACAO JOAQUIM CHISSANO, a quasi-governmental organization; JOAQUIM CHISSANO, an individual; DOES, 1-50, inclusive,<br><br>        **Defendants.** | Case No. CV13 02309 MMM (CWx)<br><br>Assigned for all purposes to: Honorable Margaret M. Morrow<br><br>**DECLARATION OF ABEL ZAQUEU MONDLANE**<br><br><u>HEARING:</u><br><br>DATE: JULY 8, 2013<br>TIME: 10:00 A.M.<br>COURTROOM: 780<br>255 E. TEMPLE STREET, LOS ANGELES, CALIFORNIA 90012 |

---

**DECLARATION OF ABEL ZAQUEU MONDLANE**
Case No. CV13 02309 MMM (CWx)

I, ABEL ZAQUEU MONDLANE, declare that if called as a witness in this action, I could and would competently testify to the following based on my personal knowledge and/or information and belief:

1. I am over 18 years of age, a resident of Maputo, Mozambique and a citizen of the Republic of Mozambique. I am the Chief of Staff of the Ministry of Education of the Republic of Mozambique. I am authorized to make this declaration on behalf of the Ministry of Education.

2. The Ministry of Education is a central organ of the Republic of Mozambique according to the terms of the Constitution. The Republic of Mozambique and its Ministry of Education invoke their sovereign immunity and respectfully request that this Court dismiss the lawsuit filed against them.

3. I have reviewed the English version of the Complaint in the referred lawsuit, as well as the purported contract attached as Exhibit A, thereto (hereafter, the "Alleged Contract"), which I understand were provided by the Plaintiff's attorney to defense's attorney.

4. Dr. Zeferino Martins was a former Minister of Education of the Republic of Mozambique until August, 2012, at which time he was removed from office and replaced with a new Minister of Education, Augusto Jone Luis, as part of the re-shuffle in the leadership of certain Ministries in 2012.

5. I understand that the Plaintiff claims that the Republic of Mozambique and its Ministry of Education are bound by the Alleged Contract. However, this is unsubstantiated because the Alleged Contract does not state that the Republic of Mozambique or its Ministry of Education is a party to it.

6. I have reviewed the records of the Ministry of Education and have located no copy of the Alleged Contract much less any records at the Ministry of Education that refer to the Alleged Contract. The State Budgets of 2011 or 2012 make no provision whatsoever for any expenditure relating to implementation of

-1-

the Alleged Contract, as a contract of the Republic of Mozambique or its Ministry of Education.

7. Even if the Republic of Mozambique or its Ministry of Education were named as parties in the Alleged Contract, the Alleged Contract would be null and without effect because it violates Mozambican law, given that:

8. There are no records at the Ministry of Education that indicate that prior approval (or any approval) to enter into the Alleged Contract was ever provided, at any time, by the Minister of Finance of the Republic of Mozambique, as is required under the laws of the Republic of Mozambique.

9. In addition, there is no record at the Ministry of Education that granting of the Alleged Contract was ever subject to the public bidding process, stipulated by law, or that the Alleged Contract was ever approved by the Administrative Tribunal of the Republic of Mozambique, as is required by the laws of the Republic of Mozambique.

10. Based on the failure to comply with the requirements of the laws of the Republic of Mozambique, the Alleged Contract is null and without effect because Dr. Martins did not have any authority to enter into the contract on behalf of the Republic of Mozambique and/or its Ministry of Education.

11. Therefore, the position of the Republic of Mozambique and its Ministry of Education is that the Alleged Contract is null and without effect. The Republic of Mozambique and its Ministry of Education deny any obligation to pay anything to the Plaintiff. I understand that the Republic of Mozambique and its Ministry of Education will submit to this Court a declaration of a Mozambican legal expert regarding these and other matters.

12. In addition to the irregularities referred to in the preceding paragraphs, it is customary in Mozambique for parties to initial every page of a contract. The copy of the Alleged Contract attached to the Complaint contains no initials on

pages 4-6, regarding the alleged "compensation." Under the practice of entering into contracts, this would mean that there was no agreement as to compensation. With respect to the alleged compensation, the Alleged Agreement also does not state that the Republic of Mozambique or its Ministry of Education must make any payments. Further, because the alleged Contract purports to pay as compensation a percentage of funds raised for the education sector of the Republic of Mozambique, in practice, it would be improper to share said funds with a private company subject to a commission-based arrangement. Finally, although this issue is related to questions on the merits, we wish to note that the Republic of Mozambique and its Ministry of Education contend that the funds raised for the education sector of the Republic of Mozambique were not pledged or made as a result of the work of the Plaintiff.

    13. The Republic of Mozambique and its Ministry of Education have a strong public interest in having this dispute resolved in the courts of Mozambique, since at the core of this lawsuit is the issue that a former Minister of Education acted without powers in this regard. This dispute is within the jurisdiction of the government in Mozambique. Plaintiff seeks approximately $6,850,000 as compensation for alleged damages, based on what he claims was an arrangement to pay him essentially a commission on funds raised and received for the education sector of the Republic of Mozambique. The adjudication of said issue could result in substantial prejudice to the relations between the Republic of Mozambique and the various foreign states that support the education sector and other foreign aid to the Republic of Mozambique. The assumption of such an obligation to pay an amount to the Plaintiff by way of commission would have a substantial negative impact on much needed aid initiatives for the education sector in Mozambique. It is also of great concern to the Republic of Mozambique and its Ministry of Education that a private entity (Silberberg Innovations, LLC through Mr. Alan Silberberg) has

3

DECLARATION OF ABEL ZAQUEU MONDLANE
Case No. CV13 02309 MMM (CWx)

entered into a contract with a Minister of Education in violation of the laws of the Republic of Mozambique. Transactions of this nature also would have to be made public in the Republic of Mozambique.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 25, 2013 in Maputo, Mozambique.

                                      *[signature]*
                          ABEL ZAQUEU MONDLANE

4

DECLARATION OF ABEL ZAQUEU MONDLANE
Case No. CV13 02309 MMM (CWx)


**TRANSPERFECT**

## CERTIFICATE OF ACCURACY

I, Mariela Lopez, of TransPerfect, Inc. do hereby declare that the following are to the best of my knowledge and belief, a true and accurate translation, within the given parameters, of the document ABEL ZAQUEU MONDLANE DECLARATION, for English and Portuguese.

A copy of the final translation is attached.

I so declare under penalty of perjury under the laws of the United States on this 29th day of April, 2013.

_____
Mariela Lopez
TransPerfect Translations, Inc.

Sworn before me this 29th of April, 2013

_____
Signature, Notary Public

RYAN ALEXANDER DROST
Notary Public - State of New York
No. 01DR6262048
Qualified in NEW YORK County
My Commission Expires MAY 21, 2016

Stamp, Notary Public

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 80 CITIES WORLDWIDE

```
 1  JUAN C. BASOMBRIO (#150703)
    JOHN S. BAKER (#144073)
 2  Dorsey & Whitney LLP
    600 Anton Boulevard, Suite 2000
 3  Costa Mesa, CA 92626-7655
    Telefone:      (714) 800-1400
 4  Fax:           (714) 800-1499
    basombrio.juan@dorsey.com
 5  baker.john@dorsey.com

 6  Advogados para os réus na República de Moçambique;
    Ministério da Educação da República de Moçambique;
 7  Fundação Joaquim Chissano a/k/a Fundação
    Joaquim Chissano; Joaquim Chissano e
 8  Célio Mondlane
```

TRIBUNAL DISTRITAL DOS ESTADOS UNIDOS

PARA O DISTRITO CENTRAL DA CALIFÓRNIA

| | |
|---|---|
| EDUMOZ, LLC,<br><br>    Autora,<br><br>v<br><br>**REPÚBLICA DE MOÇAMBIQUE;**<br>**MINISTÉRIO DA EDUCAÇÃO DA**<br>**REPÚBLICA DE MOÇAMBIQUE;**<br>**CÉLIO MONDLANE, um indivíduo;**<br>**ZEFERINO MARTINS, um indivíduo;**<br>**FUNDAÇÃO JOAQUIM CHISSANO a/k/a**<br>**FUNDAÇÃO JOAQUIM CHISSANO,**<br>uma organização quase governamental;<br>**JOAQUIM CHISSANO, um indivíduo;**<br>**DOES 1-50, inclusive,**<br><br>    Réus. | Caso nº CV13 02309 MMM (CWx)<br><br>Consignado para todos os efeitos a: Digníssima Margaret M. Morrow<br><br>**DECLARAÇÃO DE ABEL ZAQUEU MONDLANE** |

Eu, ABEL ZAQUEU MONDLANE, declaro que, se chamado a depor nesta acção, posso e testemunharei competentemente ao seguinte, com base no meu conhecimento pessoal e/ou informação e convicção:

1. Sou maior de idade, residente em Maputo, Moçambique e cidadão da República de Moçambique. Sou Chefe de Gabinete do Ministério da Educação da República de Moçambique. Estou autorizado a fazer esta declaração em nome do Ministério da Educação.

2. O Ministério da Educação é um órgão central da República de Moçambique, nos termos da Constituição. A República de Moçambique e o seu Ministério da Educação invocam a sua imunidade soberana e solicitam, mui respeitosamente, que este Tribunal indefira a acção judicial intentada contra eles.

3. Analisei a tradução para inglês da Queixa referida na referida acção judicial, assim como o alegado contrato constante do Anexo A, aqui apenso (adiante designado como o "Alegado Contrato"), que creio ter sido fornecido pelo advogado da Autora ao advogado de defesa.

4. O Dr. Zeferino Martins foi Ministro da Educação da República de Moçambique até Agosto de 2012, altura em que foi exonerado e substituído por um novo Ministro da Educação, Augusto Jone Luís, como parte da remodelação na liderança de alguns Ministérios, ocorrida em 2012.

5. É meu entender que a Autora reclama que a República de Moçambique e o seu Ministério da Educação estão vinculados pelo Alegado Contrato. Contudo, tal não pode proceder, já que o Alegado Contrato não se refere à República de Moçambique nem ao seu Ministério da Educação como sendo partes outorgantes do referido contrato.

6. Analisei os registos do Ministério da Educação e não identifiquei qualquer cópia do Alegado Contrato, nem existem registos, no Ministério da educação, que se refiram ao Alegado Contrato. O orçamento do Estado 2011 ou 2012, não prevê qualquer despesa que tenha a ver com a execução do Alegado Contrato, como contrato da República de Moçambique ou do seu Ministério da Educação.

7. Mesmo na eventualidade de a República de Moçambique ou o seu Ministério da Educação serem nomeadas partes outorgantes do Alegado Contrato, o Alegado Contrato seria nulo e de nenhum efeito uma vez que viola a lei moçambicana, porquanto :

8. Não constam quaisquer registos no Ministério da Educação que indiquem que aprovação anterior (ou qualquer aprovação) para a celebração do Alegado Contrato tenha sido, algum dia, dada pelo Ministro das Finanças da Republica de Moçambique, como é exigido pelas leis da República de Moçambique.

9. Além disso, não consta dos registos do Ministério da Educação que a outorga do Alegado Contrato tenha, alguma vez, sido objecto de concurso público, exigido por lei, ou que o Alegado Contrato, alguma vez, tenha sido aprovado pelo Tribunal Administrativo da República de Moçambique, tal como é exigido pelas Leis da República de Moçambique.

10. Dado o incumprimento dos requisitos das leis da República de Moçambique, o Alegado Contrato é nulo e de nenhum efeito , uma vez que o Sr. Martins não tinha qualquer poder para o celebrar em nome da República de Moçambique e/ou o seu Ministério da Educação.

11. Portanto, a posição da República de Moçambique e do seu Ministério da Educação é de que o Alegado Contrato é nulo e de nenhum efeito . A República de Moçambique e o seu Ministério da Educação declinam qualquer obrigação de realizar qualquer pagamento ao Requerente. É do meu conhecimento que a República de Moçambique e o seu Ministério da Educação irão submeter, a este Tribunal, uma declaração de um perito legal moçambicano, relativamente a estas e outras matérias

12. Para além das ilegalidades referidas nos parágrafos anteriores, é costume, em Moçambique, as partes rubricarem cada uma das páginas de um contrato. A cópia do Alegado Contrato, anexada à Queixa, não se encontra rubricada nas páginas 4-6 sobre a alegada "compensação". De acordo com a prática da celebração dos contratos , isso significaria que não houve acordo quanto à compensação. Com respeito à alegada compensação, o Alegado Acordo também não estabelece que a República de Moçambique ou o seu Ministério da Educação tenham

que realizar qualquer pagamento. Além disso, implicando o o Alegado Contrato , o pagamento de uma compensação na forma de uma percentagem dos fundos angariados para o sector da educação da República de Moçambique, , na pratica seria impróprio partilhar esses fundos com uma empresa privada, ao abrigo de um acordo baseado em comissões. Finalmente, apesar desta matéria relacionar-se com questões de mérito , gostaríamos de salientar que a República de Moçambique e o seu Ministério da Educação alegam que os fundos angariados para o sector da educação da República de Moçambique não foram atribuídas ou realizadas em resultado do trabalho do Requerente.

13. A República de Moçambique e o seu Ministério da Educação tem um grande interesse público em ver este litígio resolvido nos tribunais de Moçambique, uma vez que , no cerne deste processo, reside o facto de um anterior Ministro da Educação ter actuado sem poderes para o efeito. Esta matéria é reserva da esfera do governo em Moçambique. O Requerente reclama cerca de $6,850,000 de compensação por alegados danos, com base no que reivindica ser um acordo para se lhe pagar, essencialmente, uma comissão sobre os fundos angariados e recebidos para o sector da educação da República de Moçambique. A adjudicação da referida questão poderia afectar substancialmente as relações entre a República de Moçambique e os vários Estados estrangeiros que apoiam o sector de educação e outros apoios estrangeiros à República de Moçambique. A assumpção de uma tal obrigação de pagar um montante à Requerente, sob forma de comissão teria num impacto substancialmente negativo nas tão necessárias iniciativas de apoio ao sector da educação em Moçambique. É, igualmente, grande preocupação da República de Moçambique e do seu Ministério da Educação que um sujeito privado (Silberberg Innovations, LLC através do Sr. Alan Silberberg), tenha celebrado um contracto com um Ministro da Educação em violação das leis da República de Moçambique. Negócios desta natureza estão sujeitos à publicidade na República de Moçambique.

Declaro, sob pena de falso testemunho, sob as leis dos Estados Unidos, que o atrás referido é verdade e correcto. Assinado em 25 de Abril de 2013, em Maputo, Moçambique.



```
 1                                    ABEL ZAQUEU MONDLANE
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

ABEL ZAQUEU MONDLANE

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure and Local Rule 5-3.3.

By: _/s/ Juan C. Basombrio_
Juan C. Basombrio

---

**DECLARATION OF ABEL ZAQUEU MONDLANE**
Case No. CV13 02309 MMM (CWx)