JUAN C. BASOMBRIO (#150703)
JOHN S. BAKER (#144073)
Dorsey & Whitney LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone: (714) 800-1400
Facsimile: (714) 800-1499
basombrio.juan@dorsey.com
baker.john@dorsey.com

Attorneys for Defendants Republic of Mozambique;
Ministry of Education of the Republic of Mozambique;
Joaquim Chissano Foundation a/k/a Fundacao
Joaquim Chissano; Joaquim Chissano and
Celio Mondlane

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| EDUMOZ, LLC, | Case No. CV13 02309 MMM (CWx) |
|---|---|
| Plaintiff, | Assigned for all purposes to: Honorable Margaret M. Morrow |
| v. | |
| REPUBLIC OF MOZAMBIQUE; MINISTRY OF EDUCATION OF THE REPUBLIC OF MOZAMBIQUE; CELIO MONDLANE, an individual; ZEFERINO MARTINS, an individual; JOAQUIM CHISSANO FOUNDATION a/k/a FUNDACAO JOAQUIM CHISSANO, a quasi-governmental organization; JOAQUIM CHISSANO, an individual; DOES, 1-50, inclusive, | **DECLARATION OF TERESA FILOMENA MUENDA** <br><br> **HEARING:** <br><br> DATE: JULY 8, 2013 <br> TIME: 10:00 A.M. <br> COURTROOM: 780 <br> 255 E. TEMPLE STREET, LOS ANGELES, CALIFORNIA 90012 |
| Defendants. | |

**DECLARATION OF TERESA FILOMENA MUENDA**
Case No. CV13 02309 MMM (CWx)

I, TERESA FILOMENA MUENDA, of legal age, resident of Maputo, Mozambique, attorney, member of the Bar of Attorneys of Mozambique since 2002, with professional license No. 286, declare that if called to testify in this action, I can and will do so competently, based upon my personal knowledge and/or information and belief, as follows:

1. I have analyzed the Portuguese version of the Plaintiff's Complaint, as well as the contract referred to therein, contained in Exhibit A attached thereto (hereinafter designated as the "Contract"), which I understand has been furnished by the Plaintiff's attorney to the attorney for the defense.

2. Under the terms of the Constitution of the Republic of Mozambique and other laws, the Ministry of Education is a central agency of the State of the Republic of Mozambique, and may not, from a legal point of view, be regarded as separate from it; in other words, the Ministry of Education and the Republic of Mozambique comprise one and the same legal entity (hereinafter designated as the "State").

3. The Republic of Mozambique is subject to the rule of law, independent, sovereign, democratic and an entity of social justice, with a Constitution approved by the Assembly of the Republic on November 16, 2004. Being a State, it is, under public international law, immune from the jurisdiction of the courts of the United States of America. Accordingly, based on *par in parem non habet imperium* [an equal has no power over an equal], the legal action in question must be unequivocally dismissed.

4. The submission of the State of Mozambique to the jurisdiction of the courts of the United State of America, as the Plaintiff appears to want to impose, cannot proceed under the principle of sovereign equality of states, and constitutes an offense to the sovereignty of the State of Mozambique.

/ / /

5. Even if, by some reason, the concept of immunity were to be inapplicable, the former Minister of Education, Zeferino Martins, would not have had the power to bind the State of Mozambique to the Contract, which has been signed.

6. Under the terms of article 16 (1) of Law No. 9/2002, of February 12 (Law of SISTAFE – System of Financial Administration of the State), the execution of international contracts and agreements that give rise to the assumption of financial responsibility on the part of the State or that involve fiscal matters, <u>requires the prior authorization of the Minister in charge of the Finance area</u>, even if such expenditures are listed in the Budget of the State.

7. In the case *subjudice*, the evidence suggests that there was no provision for the **expenditures** arising out of the referenced "contract" **in the budget for the corresponding year.** Nevertheless, even if there were, the contract requiring their incurrence **would require the prior authorization by the Minister of Finance.** The lack of authorization by the Minister of Finance has the effect of rendering the contract null and void, under the terms of article 16 (2) of the Law of SISTAFE.

8. Moreover, contracts for the supply of goods and services to the State, being of an administrative nature, according to the law of procurement (Decree No. 15/2010), **are subject to prior approval of the Administrative Court**, a formality which, not having been observed, renders the contract equally null and void.

9. Decree No. 15/2010 (which approves the Regulation of Public Works Contracts and the Supply of Goods and Services to the State) establishes as the general scheme (art. 7) for the contracting of goods and services for the State, a public tender process, permitting on an exceptional basis the applicability of the special (art. 8), or exceptional regime (art. 9), which indicates, on a restricted basis, in which case it may be applied, requiring, likewise, the prior authorization of the

Minister of Finance, beyond the written rationale of the competent authority.

10. Assuming that we are dealing with a "Contract of Mandate" as its title chosen by the parties would suggest, it would be susceptible to considerable confusion, because it cannot be readily reconciled with what has been articulated therein, which is, in our understanding, a contract to provide services.

11. Furthermore, *nemo dat quod non habet*, that is, it is not possible to confer powers that one does not have. In the case at hand, the Minister of Education, Dr. Zeferino Martins, had no powers that could be transferred by means of a contract of mandate, especially those that deal with the powers of a legal entity (the State), to a foreigner, in which case they could only be conferred if the principal had sufficient powers for such purpose, a fact that is determined by the legal instruments that govern such a legal entity. In effect, the referenced contract of mandate is a nullity, in terms of the law, for lack of foundation.

12. As to the competent jurisdiction, we understand that the courts of Mozambique are competent, as the domicile of the Defendants, under the terms of the Code of Civil Procedure in effect in Mozambique (see articles 85, 86 and 87).

13. In fact, the Defendants may, objectively, be defendants before the courts of Mozambique.

14. The State of Mozambique ascribes to the principle of the separation and independence of the Executive, Legislative and Judicial powers, with its agencies owing obedience only to the Constitution and to the laws.

15. On the other hand, Mozambique law puts foreigners on the same footing as nationals as to the enjoyment of civil rights and assures to anyone access to the courts, guaranteeing the right to a defense, legal assistance, legal support and the free choice of defense counsel to assist throughout the legal proceedings. (Cf.- art. 14 of CC), in conjunction with articles 62, 70 and 130, all of the Constitution of the Republic.

16. This, therefore, assures the independence, exemption and impartiality of the judiciary in Mozambique.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on May 2, 2013 in Maputo, Mozambique.

_____*[signature]*_____

TERESA FILOMENA MUENDA



## CERTIFICATE OF ACCURACY

I, Emma Kate McNomee, of TransPerfect, Inc. do hereby declare that the following are to the best of my knowledge and belief, a true and accurate translation, within the given parameters, of the document "Teresa Filomena Muenda Declaration" translated from Portuguese into English.

A copy of the final translation is attached.

I so declare under penalty of perjury under the laws of the United States on this 30th day of April, 2013.

_____
Emma Kate McNomee
TransPerfect Translations, Inc.

Sworn before me this 30th of April, 2013

_____
Signature, Notary Public

```
RYAN ALEXANDER DROST
Notary Public - State of New York
No. 01DR6262048
Qualified in NEW YORK County
My Commission Expires MAY 21, 2016
```
Stamp, Notary Public

1  JUAN C. BASOMBRIO (#150703)
   JOHN S. BAKER (#144073)
2  Dorsey & Whitney LLP
   600 Anton Boulevard, Suite 2000
3  Costa Mesa, CA 92626-7655
   Telefone:   (714) 800-1400
4  Fax:        (714) 800-1499
   basombrio.juan@dorsey.com
5  baker.john@dorsey.com

6  Advogados para os réus na República de Moçambique;
   Ministério da Educação da República de Moçambique;
7  Fundação Joaquim Chissano a/k/a Fundação
   Joaquim Chissano; Joaquim Chissano e
8  Célio Mondlane

TRIBUNAL DISTRITAL DOS ESTADOS UNIDOS

PARA O DISTRITO CENTRAL DA CALIFÓRNIA

| | |
|---|---|
| EDUMOZ, LLC,<br><br>   Autora,<br><br>v<br><br>**REPÚBLICA DE MOÇAMBIQUE; MINISTÉRIO DA EDUCAÇÃO DA REPÚBLICA DE MOÇAMBIQUE; CÉLIO MONDLANE, um indivíduo; ZEFERINO MARTINS, um indivíduo; FUNDAÇÃO JOAQUIM CHISSANO a/k/a FUNDAÇÃO JOAQUIM CHISSANO, uma organização quase governamental; JOAQUIM CHISSANO, um indivíduo; DOES 1-50, inclusive,**<br><br>   **Réus.** | Caso nº CV13 02309 MMM (CWx)<br><br>Consignado para todos os efeitos a: Digníssima Margaret M. Morrow<br><br>**DECLARAÇÃO DE TERESA FILOMENA MUENDA** |

Eu, TERESA FILOMENA MUENDA, maior de idade, residente em Maputo, Moçambique, advogada, membro da Ordem dos Advogados de Moçambique, desde 2002, com a carteira profissional N° 286, declaro que, se for chamado a depor nesta acção, posso e fa-lo-ei competentemente, com base no meu conhecimento pessoal e/ou informação e convicção, nos seguintes termos:

1. Analisei a versão portuguesa da Petição do Requerente, assim como o contrato nela referido, constante do Anexo A, aqui apenso (adiante designado como o "Contrato"), que creio ter sido fornecido pelo advogado do Requerente ao advogado de defesa.

2. Nos termos da Constituição da República de Moçambique e demais leis, o Ministério da Educação é um órgão central do Estado da República de Moçambique, não podendo, sob ponto de vista jurídico, ser autonomizado deste, ou seja, o Ministério da Educação e a República de Moçambique configuram uma e a mesma pessoa jurídica, daqui em diante designado por ("Estado").

3. A República de Moçambique é um Estado de Direito, independente, soberano, democrático e de justiça social, possui uma Constituição aprovada pela Assembleia da República, em 16 de Novembro de 2004. Sendo Estado, é a luz do Direito Internacional Público imune à jurisdição dos tribunais dos Estados Unidos da América, pois, *par in parem non habet imperium*, devendo, por isso, a acção judicial em causa, ser indeferida liminarmente.

4. A submissão do Estado Moçambicano à jurisdição dos tribunais dos Estados Unidos da América, como parece querer forçar o Autor, é inadmissível à luz do Princípio da Igualdade Soberana dos Estados, e constitui ofensa à soberania do Estado Moçambicano.

5. Ainda que, por alguma razão, lhe seja vedado o fundamento da imunidade, o Ex-Ministro da Educação, Zeferino Martins, não tinha poderes para vincular o Estado Moçambicano, através do Contrato, ora celebrado.

6. Nos termos do artigo 16 (1) da Lei n° 9/2002, de 12 de Fevereiro (Lei do SISTAFE -Sistema de Administração Financeira do Estado), a assinatura de contratos e acordos internacionais que impliquem a assunção de responsabilidades financeiras para o Estado ou envolvam matéria fiscal, <u>carecem de prévia autorização do Ministro que superintende a área das Finanças</u>, ainda que tais despesas tenham dotação no Orçamento do Estado.

7. No caso *subjudice*, evidências sugerem que as **despesas** decorrentes do aludido "contrato" **não tinham, no orçamento do ano a que dizia respeito, qualquer provisão**. Aliás,

-1-

DECLARAÇÃO DE TERESA FILOMENA MUENDA
Caso n° CV13 02309 MMM (CWx)



mesmo que tivessem, a sua materialização através de contrato, **carecia de autorização prévia do Ministro das Finanças**. A falta da autorização do Ministro das Finanças tem o efeito de reduzir o contrato à nulidade, nos termos do artigo 16(2) da Lei do SISTAFE.

8. Ademais, os contratos para o fornecimento de bens e serviços ao Estado, tendo natureza administrativa, à luz da lei de procurement (Decreto n° 15/2010), **estão sujeitos à fiscalização prévia do Tribunal Administrativo**, formalidade que, não tendo sido observada, torna o contrato, igualmente nulo e de nenhum efeito.

9. O Decreto n° 15/2010 (que aprova o Regulamento de Contratação de Empreitada de Obras Públicas, Fornecimento de Bens e Prestação de Serviços ao Estado) fixa como regime geral (art. 7) para a contratação de bens e serviços para o Estado, o concurso público, admitindo excepcionalmente a aplicabilidade do regime especial (art. 8), ou excepcional (art. 9), o qual indica, taxativamente, em que caso poderá ser aplicado, carecendo, igualmente, de previa autorização do Ministro das Finanças, para além de fundamentação escrita da Autoridade competente.

10. Admitindo que se trate de um "Contrato de Mandato" como alude a designação escolhida pelas partes, suscita-se, desde logo, uma tremenda confusão, pois, não é facilmente conciliável com o respectivo articulado, que é, em nosso entender, de um contrato de prestação de serviços.

11. Para além disso, *nemo dat quod non habet*, ou seja, não é possível conferir poderes que não tem. No caso vertente, o Ex. Ministro da Educação, Dr. Zeferino Martins, não tinha quaisquer poderes transferíveis através de um contrato de mandato, sobretudo por se tratar de poderes de uma pessoa colectiva (Estado), para uma pessoa estrangeira, em que os mesmos só podem ser conferidos se o mandante tiver poderes bastantes para o efeito, facto que se afere através dos instrumentos jurídicos que governam essa pessoa colectiva. Com efeito, o aludido contrato de mandato é nulo e de nenhum efeito, nos termos da lei, por falta de objecto.

12. No que tange à competência jurisdicional, entendemos que são competentes os tribunais moçambicanos, sendo estes os do domicílio dos Requeridos, nos termos do Código de Processo Civil em vigor em Moçambique (cfr. artigos 85, 86 e 87).

13. Na verdade, os Requeridos podem, objectivamente, ser demandados diante dos tribunais moçambicanos.

14. O Estado Moçambicano propugna pelo princípio da separação e independência dos

2

**DECLARAÇÃO DE TERESA FILOMENA MUENDA**
Caso n° CV13 02309 MMM (CWx)



poderes Executivo, Legislativo e Judicial, devendo, os seus órgãos, obediência apenas à Constituição e às leis.

15. Por outro lado, o Direito Moçambicano equipara os estrangeiros aos nacionais quanto ao gozo dos direitos civis e assegura a qualquer um, o acesso aos tribunais, garante o direito à defesa, assistência jurídica, patrocínio judiciário e a livre escolha do seu defensor para assistência em todos os actos do processo. Cfr.- art. 14 do (CC), conjugado com os artigos 62, 70 e 130, todos da Constituição da República.

16. Está, pois, assegurada a independência, isenção e a imparcialidade do judiciário em Moçambique.

Declaro, sob pena de falso testemunho, sob as leis dos Estados Unidos, que o atrás referido é verdade e correcto. Assinado em 2 de Maio de 2013, em Maputo, Moçambique.

*Teresa Filomena Muenda*
TERESA FILOMENA MUENDA

# Letter of Introduction

My name is **Teresa Filomena Muenda**, Attorney, with professional registration card no. 286. I have been practicing law since 2002

## II – EDUCATION

2000 – Awarded Honors Degree in Law by – Universidade Eduardo Mondlane - Eduardo Mondlane University.

2002 – Pos-graduate Course in MBA (Company Management and Administration) – CEPPA/ISCTE.

2003 – Pos–graduate Course in Law – Legal Sciences by – Universidade Eduardo Mondlane - Eduardo Mondlane University/Faculty of Law of Lisbon.

2005 – Masters degree in Law – Legal Sciences (Labor Law, Commercial Law and Private International Law) – by Universidade Eduardo Mondlane - Eduardo Mondlane University/Faculty of Law of Lisbon.

2008 – up to Now attending PHD in Law – Legal Sciencies ( Labour Law, Comercial Law and Private International Law) – by  Universidade Eduardo Mondlane  Eduardo Mondlane University/Faculty of Law of Lisbon.

## III – PROFESSIONAL ACTIVITIES

**1982 – 1984** – Teacher at a secondary school level (Escola Secundária Estrela Vermelha) – teaching Biology and Mathematics.

1

**1986 – 2003** – Worked for Vidreira de Moçambique (a Glass Company in Mozambique)

    **1986** – Office Clerk "A"

    **1987 – 1991** – Head of Department for Planning and Training

    **1992 - 2000** - Human Resources Manager

    **2001** – Interim General Manager

    **2002 up 2010** – President for the Management Committee for "Cristalaria de Moçambique, SARL e Vidreira de Moçambique, SARL."

2010 – Up to date - Leading my Own Company

**From 2002 - 2003 up to date** – Working as a part time teacher at ISCTEM (Instituto de Ciências e Tecnologias de Moçambique) - The Institute for Sciences and Technologies of Mozambique), and UDM - Universidade Técnica de Moçambique - Technical University of Mozambique) - Teaching Legal Sciences in the subjects of Contracts Law, Labour Law, and Transport Law.

Legal advisor in the areas of **labor** and **business**

Private Consultant for KPMG in the areas of Human Resources and Labour Law.

At present I am involved with the Study of Staff Restructuring and Assessment of the legal system in the areas of Human Resources at Maputo City Hall.

2

**Experience in the elaboration of Collective Agreements, Regulations, Classifiers and Job Description**

**Experience in labor structuring, indemnifying procedures and definition of policies of social integration of the disentailed.**

Representative and Legal Advisor for AIMO (Associação Industrial de Moçambique - Mozambique Industrial Association) in the Labor Consultive Committee.

Involved in the proceedings for the Revision of the present Labor Law
Member of the Bar Association

## V – LANGUAGES

**Portuguese** – **Excellent** in all skills (speaking, writing, reading and understanding;
English – **Fair** in all skills (speaking, writing, reading and understanding

3


**TRANSPERFECT**

## CERTIFICATE OF ACCURACY

I, Heather Sullivan, of TransPerfect, Inc. do hereby declare that the following are to the best of my knowledge and belief, a true and accurate translation, within the given parameters, of the document "Letter of Introduction for Teresa Filomena Muenda" translated from Portuguese into English.

A copy of the final translation is attached.

I so declare under penalty of perjury under the laws of the United States on this 30th day of April, 2013.

_Heather Sullivan_
TransPerfect Translations, Inc.

Sworn before me this 30th of April, 2013

_Signature, Notary Public_



Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
160 SPEAR STREET, SUITE 1100, SAN FRANCISCO, CA 94105 I T 415.615.9191 I F 415.615.9181 I WWW.TRANSPERFECT.COM
OFFICES IN 75 CITIES WORLDWIDE

## Carta de apresentação

Chamo-me **Teresa Filomena Muenda,** Advogada com a carteira profissional n.º 286 e encontro-me a exercer a advocacia desde 2002.

## II – HABILITAÇÕES ACADÉMICAS

2000 – Licenciatura em Direito com Menção Honrosa – Universidade Eduardo Mondlane - Universidade Eduardo Mondlane.

2002 - Curso de Pós-Graduação em MBA (Gestão e Administração de Empresas) – CEPPA/ISCTE.

2003 - Curso de Pós-Graduação em Direito - Ciências Jurídicas pela - Universidade Eduardo Mondlane /Faculdade de Letras de Lisboa.

2005 - Grau de Mestre em Direito - Ciências Jurídicas, Lei Comercial e Lei Internacional Privada) - pela Universidade Eduardo Mondlane - Universidade Eduardo Mondlane/Faculdade de Letras de Lisboa.

2008 - até à Data A Frequentar o Curso de Doutoramento em Direito - Ciências Jurídicas (Direito do Trabalho, Direito Comercial e Direito Internacional Privado) - pela Universidade Eduardo Mondlane - Universidade Eduardo Mondlane/Faculdade de Letras de Lisboa.

## III - EXPERIÊNCIA PROFISSIONAL

**1982 – 1984** - Professora numa escola de ensino secundário (Escola Secundária Estrela Vermelha) – ensino de Biologia e de Matemática.

1

**1986 – 2003** – Trabalhou para a Vidreira de Moçambique (uma Companhia de Vidro em Moçambique)

**1986** – Empregada de escritório"A"

**1987 – 1991** – Chefe do Departamento de Planeamento e Formação

**1992 - 2000** - Mestra de Recursos Humanos

**2001** – Directora-Geral Interina

**2002 a 2010** – Presidente do Comité de Administração da "Cristalaria de Moçambique, SARL e Vidreira de Moçambique, SARL."

2010 – Actualização- A Gerir a minha própria empresa

**De 2002 - 2003 até à data** – Trabalho como professora em part-time no ISCTEM (Instituto de Ciências e Tecnologias de Moçambique) , e UDM - Universidade Técnica de Moçambique) - Ensino de Ciências Jurídicas nas disciplinas de Lei dos Contratos, Lei do Trabalho, e Lei dos Transportes.

Consultora jurídica nas áreas do **trabalho** e **negócios**

Consultora privada para a KPMG nas áreas de Recursos Humanos e Lei do Trabalho.

De momento, estou envolvida no Estudo de De Reestruturação e Avaliação de Pessoal dos sistemas legais nas áreas de Recursos Humanos na Câmara Municipal de Maputo.

2

**Experiência na elaboração de contratos colectivos, regulamentos, classificadores e descrição de funções.**

**Experiência na estruturação de trabalho, procedimentos de indemnização e na definição de políticas de integração social dos desvinculados.**

Representante e consultora jurídica para a AIMO (Associação Industrial de Moçambique) no Comité Consultivo do Trabalho.

Envolvida nos procedimentos para a revisão da actual Lei do Trabalho.
Membro da Ordem dos Advogados.

## V - LINGUAS

**Português – Excelente** em todos os domínios (comunicação, escrita, leitura e compreensão;
Inglês – **Razoável** em todos os domínios (comunicação, escrita, leitura e compreensão

3

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure and Local Rule 5-3.3.

By: /s/ *Juan C. Basombrio*
Juan C. Basombrio