Zein E. Obagi, Jr. (State Bar No. 264139)
Seth M.M. Stodder (State Bar No. 181335)
zo@obagistodder.com
smms@obagistodder.com
**OBAGI & STODDER LLP**
433 North Camden Drive, Suite 400
Beverly Hills, CA 90210-4408
Telephone: (310) 279-5209
Facsimile: (310) 734-1814

Attorneys for Plaintiff
EDUMOZ, LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUMOZ, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC OF MOZAMBIQUE; MINISTRY OF EDUCATION OF THE REPUBLIC OF MOZAMBIQUE; CELIO MONDLANE, an individual; ZEFERINO MARTINS, an individual; JOAQUIM CHISSANO FOUNDATION a/k/a FUNDAÇÃO JOAQUIM CHISSANO, a quasi-governmental organization; JOAQUIM CHISSANO, an individual; DOES, 1-50 inclusive,<br><br>Defendants | Case No.: 2:13-cv-02309-MMM-CWx<br><br>*Case assigned to Judge Margaret M. Morrow*<br><br>**PLAINTIFF'S OBJECTIONS AND MOTION TO STRIKE DECLARATION OF TERESA FILOMENA MUENDA**<br><br>**Hearing Date:** July 8, 2013<br>**Time:** 10:00 a.m.<br>**Location:** Courtroom 780, Roybal Federal Building<br><br>Complaint Filed: October 5, 2012<br>Trial Date: None Set |

**TO THE COURT, APPEARING DEFENDANTS AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that Plaintiff EduMoz, LLC objects and moves to strike the portions of Teresa Muenda's declaration, Case Document No. 32-4, identified below. Plaintiff's objections and motion to strike are made pursuant to *Pfingston v. Ronan Engineering Co.,* 284 F.3d 999, 1003 (9th Cir. 2002) ("[T]o preserve a[n] [] objection, a party must either move to strike the affidavit or otherwise lodge an objection with the district court"); see also Adv. Comm. Notes to Fed. R. Civ. P. 56(c)(2) ("[A] party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike.")

| No., ¶ | Objectionable Evidence | Bases for Objection | Sustained | Overruled |
|---|---|---|---|---|
| 1. ¶ 7 | "In the case *subjudice*, the evidence suggests that there was no provision for the **expenditures** arising out of the referenced "contract" **in the budget for the** | **Opinion not based on reliable facts or data, based on speculation and conjecture and probative value substantially outweighed by danger of unfair prejudice**. Under Fed. R. Evid. 703, an expert opinion must be based on adequate foundation. *United States v. 87.98 Acres of Land More or Less in the County of Merced*, 530 F.3d 899, 904–05 (9th Cir. 2008) (Expert "testimony must be shown to be either scientifically reliable [] or | | |

| | | |
|---|---|---|
| | **corresponding year** ... the lack of authorization by the Ministry of Finance…**"** | otherwise reasonably reliable.")  Here, Muenda's declaration is neither scientifically nor reasonably reliable.  She does not cite "the evidence" that she reviewed.  If she relies on the declarations filed in this case, drawing this conclusion from that evidence is unreasonable.  Plaintiff has objected to those declarations on numerous bases and hereby incorporates all of those objections.  They lack foundation as to the records reviewed by the declarants, and lack foundation for their conclusions regarding Finance Ministry approval of the subject contract, since they do not establish that if prior authorization were rendered by the Finance Ministry, that authorization would be made in writing, and preserved in a record in the regular course in either of the Finance or Education Ministries.  In addition, since Defendants' evidence includes no declarations from the then Finance or Education Ministers, or any other person with personal knowledge of these Ministers' complete doings, Muenda's conclusion that no Finance Ministry approval was obtained is not reasonably drawn and should be stricken.  It is necessarily based on mere speculation and conjecture, and its probative value is substantially outweighed |

| | | | |
|---|---|---|---|
| 1 | | | by a danger of unfair prejudice to Plaintiff. |
| 2 | 2. ¶ 8 | ". . . a formality which, not having been observed, renders the contract equally null and void." | **Opinion not based on reliable facts or data, based on speculation and conjecture and probative value substantially outweighed by danger of unfair prejudice**. Under Fed. R. Evid. 703, an expert opinion must be based on adequate foundation. *United States*, *supra*, 530 F.3d at 904–05 (9th Cir. 2008) (Expert "testimony must be shown to be either scientifically reliable [] or otherwise reasonably reliable.") Here, Muenda's declaration is neither scientifically nor reasonably reliable. She does not cite "the evidence" that she reviewed to conclude that a formality was not observed. If she relies on the declarations filed in the case, Plaintiff has objected to those declarations on numerous bases and hereby incorporates all of those objections. They lack foundation as to the records reviewed by the declarants, and none of the declarants competently testify to adherence or lack thereof to administrative laws. Since Defendants' evidence does not establish that, if prior approval by the Administrative Court were rendered, it was made in writing and kept in records in the ordinary course, Muenda's conclusions are not reasonably drawn. In addition, since |

OBAGI & STODDER LLP
433 NORTH CAMDEN DRIVE, SUITE 400
BEVERLY HILLS, CALIFORNIA 90210

| | | | |
|---|---|---|---|
| | | | Defendants' evidence includes no declarations from any person who is part of the Administrative Court, or any other person with personal knowledge as to whether the complete doings of the Administrative Court in the relevant period, Muenda's conclusion that no Administrative Court approval for the contract was obtained is not reasonably drawn and should be stricken because it is based on mere speculation and conjecture, and its probative value is substantially outweighed by a danger of unfair prejudice to Plaintiff. |
| 3. | ¶ 12 | "we understand that the courts of Mozambique are competent" | **Opinion not based on reliable facts or data, based on speculation and conjecture and more prejudicial than probative**. Under Fed. R. Evid. 703, an expert opinion must be based on adequate foundation. *United States*, *supra*, 530 F.3d at 904–05 (9th Cir. 2008) (Expert "testimony must be shown to be either scientifically reliable [] or otherwise reasonably reliable.")  Here, Muenda provides no basis for asserting that the Mozambique courts are "competent."  While she represents the principle of separation of powers to which they "ascribe," she does not attest to how the principle plays out in practice.  This testimony should, therefore, be stricken since it has not been shown to be |

| | | | |
|---|---|---|---|
| | | | reasonably reliable. |
| 4. | ¶ 15 | "On the other hand, Mozambique puts foreigners on the same footing as nationals as to the enjoyment of civil rights and assures to anyone access to the courts, guaranteeing the right to a defense, legal assistance, legal support and free choice of defense counsel to assist throughout the legal proceedings." | **Irrelevant**. This testimony must comport with the Federal Rules of Evidence. See Fed. R. Civ. P. 44.1; see also Fed. R. Evid. 1101. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is not relevant if it has no tendency to make a fact more or less probable than it would be without the evidence, or if the fact is of no consequence in determining the action. See Fed. R. Evid. 401. Here, Muenda makes this portion of the declaration to support Defendants' *forum non conveniens* (FNC) *claim*. But, that claim requires Defendants to show that Mozambican courts would provide an adequate alternative forum to Plaintiff. Instead of tending to prove that fact, Muenda's declaration pertains exclusively to facts surrounding the protections accorded to defendants. It is, therefore, of no consequence to Defendants' FNC claim. On that basis, it should be stricken for lack of relevance and thus admissibility. |
| 5. | ¶ 16 | "This, therefore, assures the independence, exemption and | **Opinion not based on reliable facts or data, and probative value substantially outweighed by unfair prejudice**. Under Fed. R. Evid. 703, an expert opinion must be |

| | impartiality of the judiciary in Mozambique." | based on adequate foundation. *United States*, *supra*, 530 F.3d at 904–05 (9th Cir. 2008) (Expert "testimony must be shown to be either scientifically reliable [] or otherwise reasonably reliable.") Here, Muenda's declaration provides no reasonable foundation for the conclusion that there exists an assurance of "independence, exemption and impartiality" of the Mozambican courts. Muenda he has attested to concepts in the law that indicate that do not indicate that Mozambican courts provide any of these virtues to a plaintiff suing the government of Mozambique. Muenda has not attested to any instances of these virtues demonstrated in reality, or even attested that Mozambique follows the principles to which it ascribes. On these bases, her opinion is not reasonably drawn, and its probative value is substantially outweighed by a danger of unfair prejudice to Plaintiff. | |

Dated: June 17, 2013                    **OBAGI & STODDER LLP**

By: /s/ Zein E. Obagi, Jr.
　　Zein E. Obagi, Jr.
　　Seth M.M. Stodder
　　Attorneys for Plaintiff
　　EDUMOZ, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure and Local Rule 5-3.3


                                By: /s/ Zein E. Obagi, Jr.
                                     Zein E. Obagi, Jr.

*EduMoz LLC v. Republic of Mozambique, et al.*   Case No. 2:13-CV-02309-MMM-CWx
**CERTIFICATE OF SERVICE**